Mr. Justice Colcock
delivered the opinion of the court:
As to the facts of this case, the first enquiry is, when did the statute begin to run ? And it is not disputed by the parties that it commenced its operation on the 9th of August, 1814. It is also conceded that the plaintiff lives in Boston, and has always resided there from the origin of this transaction. {The only question then for the determination of the court is, whether the saving in the statute in favour of persons beyond seas, can apply to the plaintiff? I think we are bound as well by reason as authority to say, that the wor ds beyond seas mean out of the state or out of its jurisdiction. Many places literally beyond seas are nearer to us than the distant parts of the continent, and if four years are given to those who reside in the same place with a defendant to bring suit, it would seem but reasonable to extend the time to those who are at the distance of one thousand miles ; and whether the intervening space was occupied by land or water is certainly immaterial. The idea of the law was, that those who had not ready access to the tribunals of justice should be allowed a longer time to commence their actions. But the point seems to have been well settled both here and in England. In the case of Faw vs. Roberdeau’s executors, chief justice Marshall says, 4 4 beyond seas and out of the state are analogous expressions, and are to have the same construction ('3 Cranch, 177;) and in the case of Murry vs. Baker, (3 Wheaton’s Reports, 545,) Mr. Justice Johnson says “ beyond seas’ must be held to be equivalent to 4 without the limits of the state —so in 2 Johnson’s Cases, 81. By the act of 1789, commonly called the administrators law, nine months are allowed to the administrator to collect debts and arrange the affairs ofhis intestate’s estate, during which he cannot be sued ; and it was decided in the case of Moses vs. Jones, (2 Nott & McCord, 259,) that the creditor was entitled to four years exclusive of the nine *334 months, to bring his action againstthe executor oradministrator. This time then is to be deducted from the ordinary time allowed to the plaintiff to commence suits. In other words, that in the case of administrators, the act of 1789, is for the period of nine months, a suspension of the act of limitations : It follows then that the verdict must stand. From tho 9th of August, 1814, to 24th February, 1820, when this action was commenced, is five years and six months, from which nine months are to be deducted, which leaves four years and nine months, three months less than the five years given in the saving clause. The Inotion is, therefore, refused.
Cross S; Gray, for the motion.
JDunkin, contra.
Justices Jonnson, Gantt and Huger, concurred.